# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>FRESH PRODUCE RETAIL, LLC<br><br>Debtor. | Case No. 15-13415-MER<br><br>Chapter 11 |

## MOTION FOR JOINT ADMINISTRATION

Fresh Produce Retail, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") file this motion (the "**Motion**") seeking entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows.

### Jurisdiction

1. The United States Bankruptcy Court for the District of Colorado (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Rule 1015(b)**"), and Local Bankruptcy Rule 1015-1 of the United States Bankruptcy Court for the District of Colorado.

### Relief Requested

4. By this Motion, the Debtors seek entry of an order directing joint administration of the chapter 11 cases for procedural purposes only. More specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' chapter 11 cases under the case of Fresh Produce Holdings, L.L.C., and jointly administer the chapter 11 cases under the caption, as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re | Case No. 15-13485-MER |
| FRESH PRODUCE HOLDINGS, LLC, *et al.* | Chapter 11 |
| Debtors. | Jointly Administered |

5.  The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than Fresh Produce Holdings, LLC., to reflect the joint administration of the chapter 11 cases, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Colorado directing joint administration of the chapter 11 cases of: Fresh Produce Holdings, LLC; Fresh Produce Retail, LLC; Fresh Produce Sportswear, LLC; Fresh Produce of St. Armands, LLC; FP Brogan—Sanibel Island, LLC; and Fresh Produce Coconut Point, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 15-13485-MER.

**Basis for Relief**

6.  Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The six Debtors that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the court to grant the relief requested herein.

7.  Local Bankruptcy Rule 1015-1(a) provides additional authority for the Court to order joint administration of the chapter 11 cases: "On motion of any party in interest . . . separate cases enumerated in Fed. R. Bankr. P. 1015(b) may, upon order of the court, be jointly administered."

8.  Joint administration is generally non-controversial, and courts routinely order joint administration in multiple related cases. *See, e.g.*, Case Nos. 14-10896 EEB; 14-24447 HRT; 14-24672 MER.

9.  Given the integrated and centralized nature of the Debtors' operations, joint administration of the chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings,

and orders in the chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of the chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee and all parties in interest to monitor the chapter 11 cases with greater ease and efficiency.

10. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested. Instead, parties in interest will benefit from the cost reductions associated with the joint administration of the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

11. Furthermore, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the Debtors' caption include the Debtors' full tax identification numbers is appropriate in these cases. More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties in interest, particularly as this information is available on all of the Debtors' chapter 11 petitions. In addition, the Debtors' proposed joint administration case caption will include the last four digits of each Debtor's federal tax identification number.

## Notice

12. The Debtors have provided notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (c) the Debtors' lender; (d) any party that may have a particular interest in this Motion; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated this 6th day of April, 2015.

        Respectfully submitted,

        BROWNSTEIN HYATT FARBER SCHRECK, LLP

        *s/Michael J. Pankow*
Michael J. Pankow, #21212
Joshua M. Hantman, #42010
Rafael R. Garcia-Salgado, #47382
410 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
mpankow@bhfs.com
jhantman@bhfs.com
rgarcia@bhfs.com

*Proposed Attorneys for Debtor*